UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

RONALD DWYER, ET AL.                              CIVIL ACTION

Versus                                            NO. 11-1985

FESTIVA RESORTS, LLC, ET AL.                      SECTION: "F"

ORDER AND REASONS

Before the Court is defendants' motion to compel arbitration and dismiss the case, or in the alternative, to stay it pending arbitration. For the reasons that follow, the defendants' motion is GRANTED IN PART and DENIED IN PART. The motion to compel arbitration is GRANTED.

**Background**

This proposed class action suit arises out of plaintiffs' purchase of a membership interest in a time-share vacation club after a presentation by the vacation club salesmen. There are two primary sets of plaintiffs in this case: the Dwyers and the Lowes. The Dwyers purchased their membership in late October 2009, while the Lowes purchased their membership in mid-July 2010. All plaintiffs signed a Purchase and Security Agreement with Festiva Resorts, the developer and promoter of the Festiva Resorts Adventure Club.

After purchasing their memberships, plaintiffs became dissatisfied. Plaintiffs contend that they had understood the

1

purchase agreement to give them some form of title to real property.  Instead, as they later discovered, their membership only allows them to book vacation resort sites based on the amount of membership "points" that they had purchased, and that they accumulate over time.  Further, plaintiffs complain that when they try to book vacations with one of the resort sites their phone calls are not returned, or they are told that the resort site is already at full occupancy.

In early July 2011, plaintiffs filed a class action lawsuit in Louisiana state court, asserting various state law claims against the defendants, who removed the case to this Court under the Class Action Fairness Act.  Plaintiffs assert claims under the Louisiana Timesharing Act, violations of the Louisiana Unfair Trade Practices and Consumer Protection Law, and civil conversion and/or civil fraud.  In general, plaintiffs accuse the defendants of having used high-pressure sales tactics to convince them to sign the membership agreement and of not giving them sufficient time and opportunity to read the fine print associated with the club membership agreement.  Plaintiffs also contend that defendants led them to believe in the sales presentations that they would receive title to vacation property, and not just membership in a vacation club.  Plaintiffs seek certification of a plaintiff class and various forms of damages.  Defendants ask the Court to compel arbitration of this dispute under an

arbitration clause found in the purchase agreement.  The arbitration clause states:

> In the event of a dispute between Purchaser and Seller with respect to Seller's performance hereunder, the matter in question may, in Seller's sole discretion, be settled by arbitration in accordance with the commercial arbitration rules of the American Bar Association.  If a matter in dispute is referred to arbitration, Purchaser and Seller shall each pay one-half (½) of the fees and expenses required to initiate the arbitration proceedings.  The parties agree, however, that the costs and expenses of arbitration, including attorneys' fees, shall ultimately be borne as determined by the arbitrator.  The parties further agree that any arbitration proceeding in connection with this Agreement shall be conducted in Buncombe County, North Carolina, and that the decisions of the arbitrator with respect to any such matter in dispute shall be final and dispositive of the respective rights and obligations of the parties hereunder.

Defendants contend that the arbitration clause is valid, and covers the dispute currently before the Court.

I.

There is a "strong federal policy in favor of enforcing arbitration agreements." Dean Witter Reynolds, Inc. v. Byrd, 470 U.S. 213, 217 (1985).  The Federal Arbitration Act states that:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration. . . the court. . . shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement. . . .

9 U.S.C. § 3.  The FAA requires district courts to "compel arbitration of otherwise arbitrable claims, when a motion to compel arbitration is made."  <u>Sedco, Inc. v. Petroleos Mexicanos Mexican Nat'l Oil Co.</u>, 767 F.2d 1140, 1147 (5th Cir. 1985).  Agreements to arbitrate "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."  9 U.S.C. § 2.

Plaintiffs oppose the defendants' motion to compel arbitration on three grounds: (1) that the purchase agreement is void under state law; (2) that the arbitration provision itself is unenforceable because it is unconscionable; and (3) that the parties' dispute does not fall within the scope of the arbitration provision.

Plaintiffs' assertions raise the important question of <u>who</u> is allowed to decide these issues.  Is it the Court, or the arbitrator?  The law is clear that questions related to the validity of the underlying purchase agreement are to be decided by the arbitrator, assuming that the parties had a valid agreement to arbitrate in the first place.  <u>Prima Paint Corp. v. Flood & Conklin Mfg. Co.</u>, 388 U.S. 395, 403-04 (1967).  Further, where the parties have made it clear that they wish for the arbitrator to resolve the arbitrability of the parties' dispute, that task will fall to the arbitrator as well.  <u>First Options of Chicago, Inc. v. Kaplan</u>, 514 U.S. 938, 943 (1995).  The only real

4

question for the Court therefore is whether the arbitration agreement itself is valid.  See Rent-A-Center, W., Inc. v. Jackson, 130 S.Ct. 2772, 2778 (2010)(arguments about the validity of an arbitration provision are for the Court to decide).

The plaintiffs argue that the arbitration clause is unenforceable because it is unconscionable and adhesionary.  Plaintiffs contend that the arbitration clause is too one-sided because it vests the decision whether to arbitrate solely with the defendants.  Further, plaintiffs argue that they did not have time to fully understand the arbitration clause because they were pressured to sign the agreement as quickly as possible by the Festiva representatives.  Plaintiffs invoke Iberia Credit Bureau, Inc. v. Cingular Wireless, LLC, 379 F.3d 159 (5th Cir. 2004) on the issue of unconscionability.[1]

The Court disagrees with plaintiffs' characterization of the arbitration clause.  Under the Louisiana Supreme Court's opinion in Aguillard v. Auction Management Corp., 908 So.2d 1 (La. 2005), the Court should consider four factors in determining whether an agreement to arbitrate is enforceable: (1) the appearance of the arbitration provision in the underlying contract; (2) the extent

---

[1] In Iberia Credit Bureau the Fifth Circuit had to interpret Louisiana state law on unconscionability without the benefit of the Louisiana Supreme Court's guidance.  The Louisiana Supreme Court did issue an opinion one year later, Aguillard v. Auction Management Corp., 908 So.2d 1 (La. 2005), discussing unconscionability.  Accordingly, the Court is guided by Aguillard.

to which the arbitration provision is distinguishable from other parts of the underling agreement; (3) the mutuality of the arbitration clause, in terms of the relative burden and advantages conferred by the clause upon each party; and (4) the relative bargaining strength of the two parties.  The Louisiana Supreme Court expressly held in <u>Aguillard</u> that "a presumption of arbitrability does exist."  <u>Id.</u> at 40.

Guided by <u>Aquillard</u>, the Court finds that the arbitration provision is enforceable.  The provision appears on the "Terms and Conditions" sheet, in block print, bold and underlined and is no different in appearance from the rest of the terms and conditions.  The font size is comparable to, if not the same as the font size on the purchase agreement itself.  It is clearly distinguished from the rest of the terms and conditions by its heading.  Further, the provision does not place greater burdens on one party than the other.  The provision gives Festiva the option to arbitrate a dispute between the parties, but that does not mean that plaintiffs do not have the same option as well; namely, to bring their claim before an arbitrator in the event of a dispute.  Second, the provision is equitable when it comes to the cost sharing of any arbitration proceedings.  No side has an upper hand over the other.  Finally, there is nothing to suggest that plaintiffs were not free to walk away from the agreement.  Nothing of record suggests or instructs that the bargaining power

between the parties was so vast as to justify a finding of unconcscionability.

Because the arbitration agreement is valid, the Court will enforce it and compel the parties to arbitrate their instant dispute.  The issue of the underlying purchase agreement's validity can be taken up by the arbitrator, as can the issue of whether this dispute falls within the scope of the arbitration provison.  <u>Bollinger Shipyards Lockport LLC v. Northrop Grumman Ship Systems, Inc.</u>, 2009 WL 86704, at *5 (E.D. La. Jan. 12, 2009).  By adopting the American Arbitration Association's commercial arbitration rules to govern their arbitration, the parties agreed to submit the arbitrability question to the arbitrator under Rule 7, which states that "[t]he arbitrator shall have the power to rule on his or her own jurisdiction, including any objections with respect to the existence, scope of validity of the arbitration agreement." <u>Id.</u> ("when a contract contains or incorporates this type of language, it clearly and unmistakably vests the arbitrator, and not the district court, with authority to decide which issues are subject to arbitration.").

Accordingly, IT IS ORDERED: that the defendants' motion to compel arbitration is GRANTED and this case will be administratively closed pending arbitration.

New Orleans, Louisiana, September 21, 2011

_____
             MARTIN L. C. FELDMAN
          UNITED STATES DISTRICT JUDGE